```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| HERBERT CORE DRILL, LLC, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 24-169 |
| | : | |
| BROTHERS MECHANICAL, INC. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case arising from a business dispute is the motion to dismiss Counts I-III of the second amended complaint for lack of subject matter jurisdiction, filed by Brothers Mechanical, Inc. ("Brothers" or "Defendant"). (ECF No. 37). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

## I. Background

### A. Procedural Background

Plaintiffs Herbert Hector ("Mr. Hector") and Herbert Core Drill, LLC ("HCD") (collectively, "Plaintiffs") filed an initial complaint against Defendant on January 17, 2024, asserting federal jurisdiction based on diversity of citizenship for breach of contract, quantum meruit, unjust enrichment, fraud, as well as Maryland and District of Columbia wage/payment laws (ECF No. 1).

Thereafter, Plaintiffs filed an amended complaint on January 30, 2024, still invoking just diversity jurisdiction and asserting similar claims (ECF No. 11).  On March 22, 2024, Plaintiffs filed an unopposed motion for leave to file a second amended complaint (ECF No. 28).  On March 28, 2024, the court granted the motion (ECF No. 30), and the second amended complaint was docketed (ECF No. 31).  For the first time, Plaintiffs included federal question jurisdiction as well as diversity jurisdiction, adding claims by both Plaintiffs under the Fair Labor Standards Act ("FLSA").

On April 10, 2024, Defendant moved to dismiss the certain counts and claims in second amended complaint for failure to state a claim (ECF No. 32).  Plaintiffs opposed Defendant's motion on April 24, 2024 (ECF No. 33), and Defendant replied on May 7, 2024 (ECF No. 34).  On December 3, 2024, the court granted Defendant's motion in part, dismissing Count IV (fraud), dismissing HCD's wage claims in Counts V, VI, and VII, dismissing all claims for punitive damages, and limiting the remaining claims to those accruing from January 17, 2021 (ECF No. 36).  The remaining claims include FLSA and state law wage claims by Mr. Hector in Counts V, VI, and VII, as well as claims by HCD in Count I (breach of contract), count II (quantum meruit), and Count III (unjust enrichment).

On December 17, 2024, Defendant filed a motion to dismiss HCD's remaining claims (Counts I-III) for lack of subject matter

jurisdiction (ECF No. 37).[1]  HCD opposed on January 17, 2025 (ECF No. 43), and Defendant replied on January 30, 2025 (ECF No. 44).

### B. Factual Background

The relevant factual background in this case is set out in a prior opinion (ECF No. 35).  In short, Plaintiffs allege that Brothers failed to pay HCD in full for work provided from 2016 to 2022 (ECF No. 31).  Additionally, Plaintiffs allege that Brothers maintained a "hold-back" of 10% of the total invoice amounts for work completed by HCD without justification (*Id.* at ¶ 24).  As a result of the nonpayment by Brothers, HCD was unable to pay Mr. Hector for his work.  In the prior opinion, the court found that Plaintiffs alleged enough to state a claim that Brothers was Mr. Hector's joint employer.

## II. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure and "address[] whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the plaintiff's] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  "[The] court should grant the Rule 12(b)(1) motion to dismiss 'only

---

[1] Mr. Hector's remaining claims (Counts V-VII) are not subject to Defendant's motion to dismiss.  (ECF No. 37-1, at 3).

if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Pond v. United States*, 69 F.4th 155, 167–68 (4th Cir. 2023) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**III. Analysis**

By myopically focusing only on the remaining claims asserted by HCD in the second amended complaint, the parties have managed to make a mountain out of a molehill. If this court had subject matter jurisdiction when the second amended complaint was initially filed, it retains that jurisdiction even when the claims change. Brothers did not then challenge the jurisdiction of the court over the second amended complaint as originally filed by Plaintiff. That complaint asserted the diverse citizenship of the parties and a sufficient amount in controversy. If done in good faith, the amount in controversy allegations suffice for the exercise of federal jurisdiction, and "good faith is not negated because events during the litigation reduce the amount recoverable below the statutory threshold or the plaintiff is otherwise unable to recover the amount it initially sought." *Ministry of Defence of St. of Kuwait v. Naffa*, 105 F.4th 154, 160 (4th Cir. 2025), citing *St. Paul Mercury Indem. Co., v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

4

In addition, because there is federal question jurisdiction over the FLSA claim asserted by Mr. Hector (and there was diversity jurisdiction at least over the fraud claim and federal question jurisdiction over the prior FLSA claim asserted by HCD), the court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over additional claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "The statute thus confers supplemental jurisdiction over state-law claims sharing a sufficient factual relationship with the federal claims in a case." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 22 (2025). In other words, "[t]he federal court has supplemental jurisdiction over state-law claims sharing a 'common nucleus of operative fact' with the federal-law ones." *Id.* at 31 (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). A district court may decline to exercise supplemental jurisdiction, however, if the supplemental state law claim "substantially predominates over the claim or claims which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

"[T]he doctrine of supplemental jurisdiction . . . 'is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in a manner that most sensibly accommodates a range of concerns and values.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 203 (4th Cir. 1997) (quoting

5

*Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Generally, only a "loose factual connection between the claims" is required for the claims to arise from a common nucleus of operative facts. *Posey v. Calvert Cnty. Bd. of Educ.*, 262 F.Supp.2d 598, 600 (D.Md. 2003).

Defendant argues that HCD's claims (1) do not form part of the same case or controversy as Mr. Hector's FLSA claim and (2) "even if those claims were so related, Counts I-III of this action 'substantially predominate[] over'" Mr. Hector's FLSA claim. (ECF No. 37-1, at 10). HCD disagrees and argues that the factors articulated in case law, including *Shanaghan* and *McNulty v. Casero*, No. 16-cv-2426-SAG, 2020 WL 3060396 (D.Md. June 9, 2020), counsel in favor of retaining jurisdiction. (ECF No. 43, at 10-14).

HCD's claims "shar[e] a sufficient factual relationship with" Mr. Hector's federal claim. *See Royal Canin U.S.A.*, 604 U.S. at 22. Mr. Hector's FLSA claim concerns his employers' (HCD and Defendant) failure to pay him wages owed. (ECF Nos. 31, at 11-12; 43, at 11). Plaintiffs allege that HCD did not pay Mr. Hector because of Defendant's alleged failure to pay the invoices issued by HCD. Thus, Mr. Hector's FLSA claim and HCD's claims at least share the "loose factual connection" required for claims to arise from a common nucleus of operative facts. *Posey*, 262 F.Supp.2d at 600.

Defendant argues that "Mr. [Hector's] single federal issue — the FLSA claim — is the only 'federal' claim out of the six remaining counts in the [c]omplaint" and therefore the court should "decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2) because the contract claims governed by state law predominate the entirety of this case." (ECF No. 37-1, at 12-13). As discussed above, however, Mr. Hector's FLSA claim and HCD's contract claims arise from the same nucleus of operative facts. Any inquiry into the breach of contract claims will focus on the same facts, whether Defendant fulfilled the invoices and whether Defendant wrongfully withheld payments, as Mr. Hector's FLSA claim.  Separating the claims would lead to unnecessary litigation.

There, frankly, is no reason to decline to exercise supplemental jurisdiction.  The FLSA claim will stay here, so it serves judicial economy to keep the remainder of the dispute here, particularly given that this is the second time this court has had to weigh in.  Although Maryland law protects HCD from the statute of limitations bar if it files within thirty days of a dismissal for lack of jurisdiction, there is no reason to require HCD to split this case into two.  The issues of state law presented are not novel and can be addressed here.

Accordingly, the court can and will exercise supplemental jurisdiction over HCD's claims.

7

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be denied.  A separate order will follow.

                                                  /s/
                                DEBORAH K. CHASANOW
                                United States District Judge